# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

LASHARIS ALFORD,                                          PETITIONER

v.                                                                No. 1:10CV323-M-S

WARDEN RON KING, ET AL.                             RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Lasharis Alford for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed, and the petitioner has responded. The matter is ripe for review. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be **DISMISSED** with prejudice as untimely filed under 28 U.S.C. § 2244(d).

## Facts and Procedural Posture

The Circuit Court of Clay County, Mississippi, entered judgment against the petitioner for murder (Count I) and possession of a firearm by a convicted felon (Count II). The court sentenced the Alford on the murder charge to serve life without parole in the custody of the Mississippi Department of Corrections – and three years without parole on the felon in possession charge. The sentences run consecutively. Alford appealed his convictions and sentences to the Mississippi Supreme Court, which affirmed the trial court's decision. *Alford v. State*, 5 So.3d 1138 (Miss. App. 2008), *reh'g. denied* December 16, 2008, *cert. denied* April 9, 2009 (Cause No. 2007-KA-00241-COA). On June 17, 2010, Alford filed with the Mississippi Supreme Court an Application for Leave to File a Motion for Post-Conviction Collateral Relief. The court denied the motion on October 6, 2010. Alford filed the instant federal petition for a writ of *habeas corpus* on December 13, 2010.

**Discussion**

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Alford's conviction became final 90 days after the Mississippi Supreme Court's April 9, 2009, denial of his petition for certiorari. Alford did not seek a writ of *certiorari* to the United States Supreme Court. As such, ninety (90) days, the time period during which Alford could have sought such review, is added to the date on which Petitioner's direct appeal ended and his convictions and sentences became final on July 8, 2009 (April 9, 2009 + 90 days). *See* Rule of the United States Supreme Court 13(1); *see also Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Therefore, the initial deadline for the petitioner to submit a state application for post-conviction relief under 28 U.S.C. § 2244(d)(2) – and thus toll the federal one-year statute of limitations – was July 8, 2010. *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*,

158 F.3d 806 (5th Cir. 1998). Alford did, however, file an application for post-conviction collateral relief on June 17, 2010 – before the expiration of the federal one-year limitations period. The federal statute was tolled (and the federal deadline extended) during the time the state application was pending, from June 17, 2010 to October 6, 2010 – a total of 111 days. Therefore, the ultimate deadline for Alford to have filed his federal petition for *habeas corpus* relief expired on October 27, 2010 (July 8, 2010 + 111 days).

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was thus filed sometime between the date it was signed on December 3, 2010, and the date it was received and stamped as "filed" in this court on December 13, 2010. Giving the petitioner the benefit of the doubt, the instant petition was filed 37 days after the October 27, 2010 filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d at 513-14. The instant petition will therefore be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 14th day of April, 2011.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**